# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 19-6342-SNOW

UNITED STATES OF AMERICA,

v.

KAVORIS CLAYTON,

   Defendant.
_____/

## DETENTION ORDER

On August 5, 2019, this Court held a hearing pursuant to 18 U.S.C. § 3142(f) to determine whether Defendant Kavoris Clayton ("Defendant") should be detained prior to trial. The Government sought to detain Defendant on the grounds that he is both a risk of flight and a danger to the community. *See* 18 U.S.C. § 3142(e). Having considered the factors enumerated in 18 U.S.C. § 3142(g), the Government's proffer, the testimony of the law enforcement agent, the facts contained in the Pretrial Services Report, and the arguments of counsel, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant at future court proceedings. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released before trial. The Court, therefore, orders that Defendant be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i)(1), the Court makes the following findings of fact and statement of reasons for detention:

1.    Defendant is charged by criminal complaint with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). If convicted, Defendant faces a

maximum statutory sentence of 10 years in prison.  Additionally, if Defendant is classified as a career offender, Defendant faces between 155-188 months' imprisonment.

2. The weight of the Government's evidence against Defendant is substantial.  At the detention hearing, the Government proffered evidence and the law enforcement agent testified that:

  a. On May 14, 2019, a Broward Sheriff's Office ("BSO") Deputy observed Defendant laying down in the front seat of his parked vehicle in Pompano Beach.  A strong odor of marijuana was emanating from the car.  As the Deputy approached the car, he saw Defendant smoking what appeared to be marijuana.  As the officer opened the front door to investigate further, Defendant pushed the Deputy to the ground and fled on foot.  After a short pursuit, Defendant was caught and arrested.[1]

  b. During an inventory search of Defendant's vehicle, law enforcement found a small satchel with plastic baggies containing white rocks, which later tested positive for narcotics.  In the center console of the car, law enforcement found a loaded Smith and Wesson .40 caliber handgun, loaded with 15 rounds of ammunition.  The handgun was swabbed for DNA, which was subsequently compared with Defendant's known DNA.  The DNA comparison revealed that although there was mixture of two DNA profiles on the handgun, there was a very high likelihood that one of the two DNA profiles belonged to Defendant.  The handgun was manufactured outside of Florida and thus travelled in interstate and foreign commerce.

---

[1] Defendant was charged and made bond on this case (Broward County 19006233CF10A).  He now faces a bond revocation hearing.

    c.  On May 21, 2019, law enforcement responded to the scene of a fatal narcotics overdose, where the decedent's cellular telephone was searched. Defendant's cellular telephone number was found in the decedent's cellular telephone. Thus, law enforcement began a separate undercover investigation to determine whether Defendant was selling narcotics.

    d.  From May 22, 2019 through July 2, 2019, an undercover officer ("UC") purchased a total of approximately 64 grams of narcotics from Defendant, including fentanyl and heroin. During these undercover drug purchases, Defendant told the UC that he knew the decedent and had sold drugs to him in the past. The five undercover drug purchases were recorded.

    e.  On July 16, 2019, the UC again arranged to purchase narcotics from Defendant. Defendant agreed to sell approximately 40 grams of heroin/fentanyl to the UC. When Defendant arrived at the designated meeting location, he was arrested. During a search incident to Defendant's arrest, law enforcement found a hotel room key, approximately 15 grams of fentanyl, 28 grams of cocaine, 2.5 grams of crack cocaine, and 1.5 grams of marijuana. A subsequent search of the hotel room for which Defendant had the key resulted in the seizure of another firearm and additional narcotics.

    3.  Defendant's personal characteristics and criminal history also support pretrial detention. The Court hereby incorporates and makes part of this Order the facts contained in the Pretrial Services Report. Defendant has several prior felony convictions, including a 2015 conviction for cocaine distribution, a 2012 conviction for attempted robbery, and a 2011 conviction for motor vehicle grand theft and aggravated fleeing/eluding at high speed. Defendant is a

convicted felon and his right to possess a firearm has not been restored. In addition, Defendant has violated probation several times. In fact, Defendant was on bond on state charges when he sold narcotics to the UC. Defendant also has an extensive substance abuse history, including the use of marijuana, mollies, fentanyl, heroin, crack, and crystal methamphetamines, which he uses daily. Furthermore, Defendant has a history of mental health problems, and he has been involuntarily committed several times. Lastly, Defendant has been unemployed since his release from prison in 2018 and has been homeless since at least February 2019.

      4.      Based on the above findings of fact and the overall weight of the evidence, the undersigned finds by clear and convincing evidence that no conditions or combination of conditions would reasonably assure the safety of the community if Defendant was released prior to trial. The undersigned also finds by a preponderance of the evidence that no conditions or combination of conditions will reasonably assure Defendant's appearance in this case if Defendant is released prior to trial.

Accordingly, the Court hereby directs that:

    a.    Defendant be detained without bond;

    b.    Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

    c.    Defendant be afforded reasonable opportunity for private consultation with his counsel;

    d.    On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined,

deliver Defendant to a United States Marshal for the purpose of appearance in connection with court proceedings.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, on August 7, 2019.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:   Pretrial Services
      U.S. Marshals Service,
      All counsel of record